UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------------X

CLINT T. GRISIT

Plaintiff,

AMENDED
COMPLAINT AND JURY
DEMAND

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICERS JOHN DOE # 1 to
approximately # 10, the names being fictitious, presently unknown,
in their individual and official capacities as employees of the New York
City Police Department

Defendants.

---------------------------------------------------------------------------------X

The Plaintiff, CLINT T. GRISIT, by his attorney, Patrick C. Carroll, Esq., of The Law Office of Patrick C. Carroll, alleges the following, upon information and belief for this Complaint:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1988, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, and Officers John Doe # 1-10, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION and VENUE

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

3. Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because said district is where a substantial part of the events or omissions giving rise to the claim occurred.

## NOTICE OF CLAIM

4. A notice of claim was duly filed with the City of New York within the relevant statutory period, a 50-hearing has occurred, more than 30 days have elapsed since such filing, and the City has inadequately offered to settle Plaintiff's state law claims. (A Notice of Claim was not filed for Incidents '2' and '3' described herein).

1

## PARTIES

5.      Plaintiff at all times relevant hereto resided in the City and State of New York.

6.      That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

7.      THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

8.      That at all times hereinafter mentioned, and upon information and belief, the defendant Police Officers were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

9.      At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

10.     That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

11.     That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS – INCIDENT ONE

12.     Plaintiff is an African-American male who had never had any contact with the criminal justice system. During the time of the incident, Plaintiff was employed by 'Federal Express Home Delivery' as a delivery person.  Plaintiff was the titled owner and registrant of a purple 2011 Infinity Motor vehicle bearing State of Connecticut license plate number '230 ZSP.'

13.     On Friday 22 February 2013 at approximately 2:00 a.m., Plaintiff was driving said vehicle in the direction of Downtown Brooklyn on Bedford Avenue in Kings County and at its intersection with Clarendon Road. Plaintiff was proceeding to the vicinity of Erasmus Court to drop two female friends/passengers off at their homes. Plaintiff stopped at the traffic light at this intersection, and upon the light turning green, Plaintiff proceeded through the intersection where for no reason or justification, Defendant Police Officers in one marked police car pulled over the Plaintiff. Plaintiff complied and pulled to the side of the road.

2

14.     Defendant police officers asked for Plaintiff's driver's license, registration and insurance papers whereupon Plaintiff stated his driver's license was in a gym bag in the trunk. Police Officers refused to allow Plaintiff to get his license. Plaintiff did present his automobile's registration and 'FedEx' Work identification card whereupon police officers returned to their vehicle with said documents.

15.     Defendant police officers subsequently returned to the Plaintiff's car and ordered both Plaintiff and his two female passengers to step out of the car whereupon Plaintiff and his two passengers were placed in handcuffs, patted down, and put in the back of police vehicles. Two further police vehicles came to this location at or about this time. Plaintiff was told that his vehicle was reported stolen. Plaintiff stated to the officers that his vehicle could not be stolen because the vehicle was bearing license plates with accompanying and corresponding registration documents and that the vehicle was even insured by Geico in the Plaintiff's name.

16.     Neither Plaintiff, not his passengers, were read their Miranda rights.

17.     Plaintiff stated to these officers that his cousin was a New York City Police Officer and that he would like to contact him in order to have this matter straightened out. Plaintiff was refused, whereupon the interior of Plaintiff's vehicle was searched. Defendant police officers were unable to figure out how to open the trunk of Plaintiff's vehicle whereupon Plaintiff was asked to explain how to do so, which he did, whereupon the trunk of Plaintiff's vehicle was searched by Defendants.

18.     After same, one Police Officer took Plaintiff's automobile key and proceeded to joyride with it around several blocks in the vicinity of this location, ultimately returning to the incident location parking Plaintiff's car parallel to the police vehicles that had arrived.

19.     Ultimately, Plaintiff, his two female passengers, and his vehicle which was driven by a police officer, were all taken and driven to the 70th Police Precinct on Ocean Parkway in Kings County, NY.

20.     Plaintiff and his two passengers were placed in holding cells and continuously detained. Upon information and belief, Plaintiff's vehicle was searched again by Police Officers while at this precinct. No contraband was found and Plaintiff's vehicle was damaged in the process.

21.     Plaintiff was first told by Defendant police officers while he was in a holding cell at said Precinct, that his car was stolen and that he should just admit that he was in possession of a stolen vehicle. Plaintiff stated his innocence and highlighted that given the paperwork and documents registering and insuring the vehicle to him, the car could not be stolen.

22.     Defendant Police Officers then told Plaintiff that his car was not stolen, but that the license plates on the vehicle were stolen.

23.     Plaintiff was then told and accused by a female Police Officer of having altered and forged license plates, and/or of having altered or forged registration documents. Plaintiff again stated his innocence.

3

24.     Neither Plaintiff, nor his two passengers, were charged with any crime.  Neither Plaintiff, nor his passengers were read their Miranda rights.  Neither Plaintiff, nor his passengers were permitted to make phone calls.

25.     Plaintiff was due to appear for work at 6:00 a.m. that morning and asked permission to call work to inform them that he would be unable to appear that day.  Plaintiff was refused permission to make this call.

26.     Plaintiff was repeatedly badgered by police officers and told to just 'give himself up' and admit the foregoing.

27.     After approximately 8 hours of unlawful incarceration, Plaintiff was released from police custody.  At this point he was presented with his automobile keys and the contents from the interior of his automobile presented to him in a bag.

28.     Plaintiff was further provided with a police department document stating "Out of State Registration by License Plate" which clearly showed that a set of State of Tennessee License Plates bearing '230 ZSP' had been reported stolen.  Said document could be read and understood by a layman to show that there was no basis for the arrest or detention of the Plaintiff.

29.     Upon information and belief, Plaintiff's property was not 'vouchered'

30.     Plaintiff was further presented with tickets for 'improperly tinted windows' and for 'failing to present his driver's license.'  Upon information and belief, the windows of Plaintiff's vehicle were not tested, and are otherwise legal notwithstanding.  Furthermore, Plaintiff was prevented from presenting his driver's license by Defendant Officers.

31.     The next morning,  Plaintiff stated to his employer that he missed work from because he was in jail.  Plaintiff lost his 'FedEx' position with the route contractor with whom he had been working.

32.     Plaintiff also discovered the front bumper and trim of his vehicle had been scuffed and damaged while his vehicle was in Defendant's custody.

33.     As a direct and proximate result of the malicious and outrageous conduct of Defendants as set forth above, Plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish, fear, embarrassment, and humiliation, loss of liberty, loss of property, psychological injury and suffering.

**FACTUAL ALLEGATIONS – INCIDENT TWO**

34.     Plaintiff was lawfully and properly driving his purple 2011 Infinity Motor vehicle bearing State of Connecticut license plate number '230 ZSP' on or about August 24, 2013 during the afternoon hours at the vicinity of Howard Avenue and Dean Street in Kings County, NY.

35.     At said time, Plaintiff was pulled over by an unmarked police car from which emerged two plain-clothed police officers who stated to Plaintiff that he was pulled over for 'swerving.'

4

36.     Defendant police officers subsequently stated that Plaintiff was under arrest. Without explanation and without being read his Miranda rights, Plaintiff was placed in handcuffs, patted down, and put in the back of a police vehicle. At least one further police vehicle came to this location at or about this time.

37.     Plaintiff's passenger at the time was instructed to drive the vehicle away.

38.     Plaintiff stated to these officers that his cousin was a New York City Police Officer and that he would like to contact him in order to have this matter straightened out which request was refused. Plaintiff asked if he could contact his lawyer which request was refused.

39.     Ultimately, Plaintiff was taken to what he believes to have been the 81st precinct where he was held in a cell overnight and detained. Plaintiff was given no explanation as to why he had been arrested.

40.     The following morning, Plaintiff was taken for arraignment where he learned that was issued a summons for "smoking weed while walking in public." At said arraignment, the Plaintiff informed the presiding Judge that he was not smoking anything and that he was in fact, driving a motor vehicle at the time of his illegal arrest. On that information, the Judge dismissed the ticket and the Plaintiff was released.

41.     After approximately 20 hours of unlawful incarceration, Plaintiff was released from police custody.

42.     As a direct and proximate result of the malicious and outrageous conduct of Defendants as set forth above, Plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish, fear, embarrassment, and humiliation, loss of liberty, loss of property, psychological injury and suffering.

## FACTUAL ALLEGATIONS – INCIDENT THREE

43.     On or about September 8, 2014, the Plaintiff again was lawfully driving his purple 2011 Infinity Motor vehicle bearing State of Connecticut license plate number '230 ZSP' traveling westbound on Snyder Avenue in Kings County, NY at approximately 10:45 p.m.

44.     At said time, Plaintiff was stopped at a red light on Snyder Avenue at the intersection of Utica Avenue where a marked police van traveling on Utica Avenue made a turn off Utica Avenue to then make a further u-turn in order to pull up behind Plaintiff's vehicle which was still stopped at said traffic light. Plaintiff was pulled over, and did comply with same. Plaintiff presented his driver's license to the officers who then ordered Plaintiff out of the vehicle to handcuff him.

45.     Plaintiff was told that he was being arrested "so that he could be taken to the police precinct and run for warrants". Plaintiff was then taken to what he believes to have been the 67th Precinct on Snyder Avenye where he was detained for three hours.

46.     Plaintiff was not read his Miranda warnings.  Plaintiff had no open warrants.  Plaintiff was not charged with any crime.

47.     After approximately 3 hours of unlawful incarceration, Plaintiff was released.

48.     As a direct and proximate result of the malicious and outrageous conduct of Defendants as set forth above, Plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish, fear, embarrassment, and humiliation, loss of liberty, loss of property, psychological injury and suffering

## FIRST CAUSE OF ACTION
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

49.     Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

50.     Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

51.     Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

52.     As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

## SECOND CAUSE OF ACTION
### (MUNICIPAL LIABILTY and NEGLIGENT HIRING, TRAINING and SUPERVISION)

53.     Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

54.     Defendant CITY OF NEW YORK is liable for the damages suffered by the Plaintiff as a result of the conduct of its employees, agents, and servants.

55.     Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

56.     Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false and intentionally incorrect representations regarding police records to cover up and hide their wrongful conduct.

57.     Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct. Defendant CITY OF NEW YORK committed intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and disciple its agents, servants, and/or employees with regard to their aforementioned duties.

58.     Defendant CITY OF NEW YORK has damaged the Plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

59.     Defendants subjected Plaintiff to false arrest and false imprisonment.

60.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

61.     Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

62.     Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

63.     That as a result of the foregoing, the Plaintiff has been deprived of her following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the Plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

64.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

65.     Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

66.     Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

67.     That as a result of the foregoing, the Plaintiff has been deprived of her following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the Plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of her civil rights in violation of the statutes made and provided.

68.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## FIFTH CAUSE OF ACTION

(Negligence)

54.     Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

55.     Defendants' owed a duty to plaintiff who was a prisoner in the custody and care of defendants.

56.     Defendants breached their duty to plaintiff.

57.     As a result, Plaintiff suffered injuries.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally as follows:

A.  In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

B.  Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

C.  Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated:  15 August 2014
        Carle Place, New York

/s/

Patrick C. Carroll, The Law Office of Patrick C. Carroll
Attorney for Plaintiff
One Old Country Road, Suite 125
Carle Place, NY 11514
Ph. 516.424.9102
Fx. 516-342-5624
Patrick.carroll.law@gmail.com

8